UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEONARD MOORE, JASON                    CASE NO.: 6:09-cv-224-Orl-GJK
EVERS and CHRISTOPHER
LUNGRIN,

      Plaintiffs,

v.

APPLIANCE DIRECT, INC.,
a Florida corporation and SEI PAK,
individually,

      Defendants.

_____/

**DEFENDANT'S MOTION TO STAY PROCEEDINGS
AND INCORPORATED MEMORANDUM OF LAW**

      Defendant, SEI PAK ("PAK"), by and through the undersigned attorney, hereby files,

pursuant to 11 U.S.C. §362(a)(1) (2010), his Motion to Stay Proceedings, and in support state as

follows:

      1.     On or around February 10, 2009 Plaintiffs filed their Complaint against

Defendants, APPLIANCE DIRECT, INC. and SEI PAK, alleging violations of the Fair Labor

Standards Act ("FLSA").

      2.     On June 2, 2010, GROJ of the West, Inc., f/k/a Appliance Direct, Inc.

("Appliance Direct, Inc."), filed for bankruptcy protection under Chapter 7, Title 7, United States

Code[1].

      3.     On November 15, 2010 Plaintiffs filed a Joinder in Motion for Substantive

Consolidation seeking to bring non-parties into the bankruptcy proceeding, including Pak. [Case

No. 06:10-bk-9695, Doc. No. 13]

_____

[1] The case number is 06:10-bk-09695-KSJ

4.      On April 21, 2011, ten corporations[2], which were named in the Motion for Substantive Consolidation, filed voluntary petitions.[3]

5.      On April 26, 2011, Appliance Direct, Inc., filed its Motion to Convert Case to a Case Under Chapter 11 in anticipation of consolidating the Chapter 11 cases.

6.      This matter should be stayed against Sei Pak.

7.      The Court in which a civil matter is pending shall issue an automatic stay for all parties upon their filing for bankruptcy.  11 U.S.C. §362 (2010); *Sternberg v. Johnston*, 582 F.3d 1114, 1116 (9th Cir. 2009).

8.      A stay may also be issued against non-bankrupt Defendants.  *AH Robins v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); 11 U.S.C. §362 (2010)[4].  Such a stay is appropriate when a judgment against the non-bankrupt party would essentially be a judgment against the bankrupt party.  *McCartney v. Integra National Bank*, 106 F.3d 506, 510 (3d Cir. 1997)(Citing to *AH Robins v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986).   An example is where a corporate officer has an available claim for indemnification against the bankrupt corporation.  *AH Robins v. Piccinin*, 788 F.2d 994, 1007 (4th Cir. 1986); §607.0850(1), F.S. (2010).

Defendant, Sei Pak, is entitled to have this matter stayed under 11 U.S.C. §362(a)(1) (2010).  Any judgment entered against Pak would in effect be a judgment against bankrupt Defendant, GROJ of the West, Inc., f/k/a Appliance Direct, Inc.  *McCartney v. Integra National Bank*, 106 F.3d 506, 510 (3d Cir. 1997)(Citing to *AH Robins v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)).   According to Plaintiff's allegations, Pak, as corporate officer and director, is

---

[2] The corporations are AD-Melbourne, Inc., AD-PSJ, Inc., AD-Merritt, Inc., AD-Altamonte, Inc., AD-Union Park, Inc., AD-Winter Garden, Inc., AD-Kissimmee, Inc., AD-Fruitland Park, Inc., Appliance Direct Management, Inc., and Appliance Now, Inc.

[3] See Case Nos. 6:11-bk-5867; 6:11-bk-5869; 6:11-bk-5870; 6:11-bk-5872; 6:11-bk-5874; 6:11-bk-5875; 6:11-bk-5876; 6:11-bk-5878; 6:11-bk-5879 and 6:11-bk-5881.

[4] Defendants acknowledge that 11 U.S.C. §105 permits the Bankruptcy Court to enjoin further proceedings in a civil matter.  *AH Robins v. Piccinin,* 788 F.2d 994, 1003 (4th Cir. 1986).  However, since this matter was in the civil court prior to bankruptcy court, Pak felt it appropriate to first address the issue in civil court.

individually liable for Appliance Direct, Inc.'s FLSA violations.  A judgment against Pak entitles

him, as an officer and director, to seek indemnification from Appliance Direct, Inc.  *AH Robins*

*v. Piccinin*, 788 F.2d 994, 1007 (4th Cir. 1986); §607.0850(1), F.S. (2010).  However, based

upon the unusual circumstances of this case Pak is precluded from seeking indemnification

against Appliance Direct, Inc. based upon Appliance Direct, Inc.'s June 2, 2010 bankruptcy

filing.  *AH Robins v. Piccinin,* 788 F.2d at 1007.

9.	While Pak may not appropriately be entitled to a stay had Defendant, GROJ of the

West, f/k/a Appliance Direct, Inc., remained a debtor under Chapter 7, the requested conversion

to Chapter 11 bankruptcy proceeding raises the claim to a stay because Chapter 7 bankruptcies

liquidate all of the bankrupt debtor's assets while Chapter 11 bankruptcy proceedings permit the

debtor to retain its assets.  Since Defendant, Appliance Direct, Inc.'s request for conversion of its

bankruptcy to a Chapter 11 and its consolidation into the other pending bankruptcy cases may

result in assets, out of which Pak could satisfy an indemnification claim, a stay pending a

determination in bankruptcy would be appropriate.

10.	The granting of a stay will not prejudice any party, especially here as Plaintiffs

requested the substantive consolidation by joinder in the filing by other creditors.

WHEREFORE, Defendant, SEI PAK, respectfully requests this Court enter an Order

staying any further proceedings in this matter pending the outcome of the pending bankruptcy of

GROJ of the West, Inc., f/k/a Appliance Direct, Inc.

Pursuant to Local Rule 3.09(d), I hereby certify that the undersigned has informed

Plaintiffs' counsel of the Motion to Stay and counsel for Plaintiffs has not consented to this

Motion.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished

via electronic notification by CM/ECF this 9th day of May, 2011 to Maurice Arcadier, Esq.


_____*/s/ Christopher J. Coleman*_____
Christopher J. Coleman, Esquire
Florida Bar No.:  0983896
Schillinger & Coleman, P.A.
1311 Bedford Drive
Melbourne, Florida 32940
(321) 255-3737 Telephone
(321) 255-3141 Facsimile
ccoleman@fla-lawyers.com